MORRIS J. GUSSOW v. LOUIS BEINESON.

Submitted December 6, 1907—Decided February 24, 1908.

1. Where the payment of a certain sum is agreed to be made for the breach of a single stipulation in a contract, and the damages for such breach are not readily susceptible of proof, if such sum cannot be said to be in excess of what might reasonably be recovered in a suit for such damages, this sum will be held to be for liquidated damages and not a penalty.

2. The payment of part of a demand entirely liquidated is not a legal satisfaction of the whole debt, although the creditor receive the smaller sum in full discharge of the full demand and give a receipt accordingly.

On appeal from the Second District Court of Newark.

Before Justices VOORHEES and MINTURN.

For the plaintiff, *Harry Kalisch*.

For the defendant, *Howe & Davis*.

The opinion of the court was delivered by

VOORHEES, J.   The plaintiff and defendant entered into a written contract whereby the defendant engaged the plaintiff as manager of his tailoring business, for a term of ten months, at $20 a week, payable weekly, and agreed further to pay unto the plaintiff the sum of $150 at the end of said period of ten months, provided the plaintiff should have performed his duties to the best of his ability, and stipulated that at the end of the said ten months the defendant would form a partnership with the plaintiff.   The plaintiff agreed to pay to the defendant $500 on February 15th, 1908, provided the partnership was formed, but if for some reason then unforeseen the defendant failed to enter into the partnership, then the defendant should pay to the plaintiff the sum of $300 "as his further compensatioin for the services rendered by him as manager, beginning September 15th, 1906, and ending July 15th, 1907."

The case was tried before a jury.   It appeared that the plaintiff acted as manager and had drawn the weekly payments of $20 during the period of ten months, which expired July 15th, 1907, and that on the 15th of July the defendant refused to form a partnership.   On that date the defendant offered $150 to the plaintiff, but refused to pay him the $300 mentioned in the agreement.   The plaintiff at first refused to accept the $150, and went away to consult his lawyer, but shortly afterwards came back.   He testifies that the defendant said to him upon his return:   " 'Well, do you want to take $150.'   I said, 'Yes, I will take it,' so he called in his girl in his office and into his parlor, and she took my agreement, and she put 'Cancelled' on it, and she gave me

the $150. He said, 'When Mr. Gussow signs his name, give him $150.' Of course I put my name to it, and she gave me $150, and I took my agreement."

It is insisted that the plaintiff should have been non-suited, because the sum of $300 sued for was in the nature of a penalty and because the contract was "cancelled" by the payment of $150. The sum of $300 to be paid for the failure to form a partnership cannot be considered as a penalty. This payment was agreed to be made for the breach of a single stipulation, and the damages for such breach were uncertain and not readily susceptible of proof. Under the rule stated in *Robinson* v. *Centenary Fund,* 39 *Vroom* 723, this sum will be held to be for liquidated damages, if on a reasonable view of the case they cannot be said to be in excess of what might reasonably be recovered in a suit for such damages. This was the construction put upon the contract by the trial court.

The sum of $150 was due to the plaintiff, for aught that had then appeared in the proofs, and the sum of $300 to be paid, provided the partnership was not performed, were liquidated damages, so that it then appeared that the defendant owed to the plaintiff the sum of $450. The payment of a part of the debt would not be a legal satisfaction of the whole debt, although the creditor received the smaller sum in full discharge of the full demand and gave a receipt accordingly. The payment of a less sum than the amount of a demand entirely liquidated, although made and accepted in full satisfaction of such demand, being devoid of all consideration, is nugatory. *Chambers* v. *Niagara Fire Insurance Co.,* 29 *Vroom* 216.

At the time of the motion for nonsuit there was no proof of any dispute between the parties as to the non-fulfillment of the contract on the part of the plaintiff, and that the $150 was accepted as a compromise on that account. The motion was properly refused.

There was some evidence introduced by the defendant that he had, during the period of ten months, found fault with

the plaintiff's conduct in coming to work late in the morning and in taking too much time at noon. The defendant's version of the alleged settlement is that he refused to enter into the partnership because the plaintiff did not attend to business as he ought, and that he told him at the time of the payment of $150, "You don't deserve to get anything, but I will give you $150, provided everything is settled." This was denied.

The trial court properly submitted to the jury the question whether or not the plaintiff had performed the services required as manager to the best of his ability, and whether there was a dispute about it, and instructed them that if he had performed his services through the term and there was no dispute about it arising upon a reasonable basis, then he was entitled to the sum of $450 at the end of the term, and the payment of $150, under the circumstances, would not be a full settlement.

The jury rendered a verdict of $300 for the plaintiff, and their finding will not be disturbed.

The judgment below is affirmed.